**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julio Cesar LEON–GONZALEZ,**
**Defendant–Appellant.**

No. 00–50698.
D.C. No. CR–00–00178–1–MJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Nov. 21, 2001.

Before GOODWIN, WALLACE and THOMAS, Circuit Judges.

### MEMORANDUM *

Defendant Julio Cesar Leon–Gonzalez appeals from his convictions for aiding and abetting the bringing in of illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). We reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

I

Prosecutorial misconduct violates a defendant's due process rights when it so infects the trial as to render the proceedings fundamentally unfair. *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *Johnson v. Sublett,* 63 F.3d 926, 929 (9th Cir.1995). After a careful review of the record, we

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

conclude that the improper argument made by the prosecutor requires reversal.

The most egregious comment by counsel was a suggestion to the jury that the jurors should draw an inference from the failure of the defense to call witness Garcia–Sanchez to testify because the defense knew he would not testify favorably. In relevant part, the argument and colloquy occurred as follows:

> GOVT COUNSEL: The defendant happened to seize on the fact that somebody looked like him and just because this person isn't here, he is claiming that he is the one who did it. Well, the defendant, as you know, has an investigator who actually interviewed this person.

> DEFENSE COUNSEL: Objection, burden-shifting, your honor.

> THE COURT: Overruled.

> GOVT COUNSEL: The defendant, as you know, can subpoena people to testify, as he subpoenaed agent Corley and agent Hupp.

> DEFENSE COUNSEL: Objection, your honor. If counsel is going to get into this, I would like an instruction saying that Otoniel was in their custody.

> THE COURT: I think what she is presenting is appropriate. You can continue.

> GOVT COUNSEL: If this man had anything important to offer, they would put him on the stand. They don't want him here. They are pointing to him. They don't want him here.

> DEFENSE COUNSEL: Objection, your honor. It was their witness. We are not the one that lost him. The Government is.

> THE COURT: Let's move on.

In making this argument, the government was well aware of the fact that the witness had jumped bail and had absconded. In fact, the witness had been named on the government's witness list, but the government had been unable to call him due to his flight. Thus, in asking the jury to draw the inference that the defense deliberately chose not to call the witness because the witness would testify unfavorably, the government was misrepresenting the underlying facts.

We considered a similar situation in *United States v. Vavages,* 151 F.3d 1185 (9th Cir.1998), and concluded that reversal was required. In *Vavages,* the prosecutor had suggested to the jury that it draw significance from the failure of the defense to call a witness. *Id.* at 1191. We concluded that the argument was improper because the government had threatened the witness that a plea agreement would be withdrawn and the witness would be charged with perjury if she testified. *Id.* Although the government in this case did not take direct action to prevent Garcia–Sanchez from testifying, it knew of the true reason for the witness's absence. Thus, in this case, it was improper to imply to the jury that a different reason existed, and to urge the jury to draw an inference against the defendant from the failure of the witness to appear. *United States v. Kojayan,* 8 F.3d 1315, 1318–24 (9th Cir. 1993).

In this case, the prosecutor also improperly vouched for the credibility of government witnesses, by telling the jury that "we know that they are honest," that the government agents were "incredibly credible," that they did not pursue a fingerprint examination of the evidence because they were "morally certain" it would have been a waste of time; that "we, the government, present the best evidence they have" and that "we convict guilty

defendants every day." A prosecutor may not " 'plac[e] the prestige of the government behind a witness through personal assurances of the witness's veracity" ' or " 'suggest[ ] that information not presented to the jury supports the witness's testimony.' " *United States v. Sarkisian*, 197 F.3d 966, 989 (9th Cir.1999) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir.1993)). "The rule that a prosecutor may not express his personal opinion of the defendant's guilt or his belief in the credibility of witnesses is firmly established." *United States v. McKoy*, 771 F.2d 1207, 1210–11 (9th Cir.1985); *see also United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir.1992).

■ The prosecutor also misstated the law in informing the jury that "to find reasonable doubt you have to believe the defendant's story," and that "reasonable doubt is not a shield behind which the defendant can hide." Needless to say, "[a] prosecutor should not misstate the law in closing argument." *United States v. Berry*, 627 F.2d 193, 200 (9th Cir.1980) (citing *United States v. Artus*, 591 F.2d 526, 528 (9th Cir.1979)).

There were other instances of arguably improper argument, but it suffices to say that the argument here was sufficiently improper and prejudicial in what the district court categorized as "a very close case" to require reversal.

■ Of course, the heat of a trial often invokes occasional rhetorical excess, and federal criminal litigation is not for the faint-hearted. However, in our system of justice, we repose special trust and responsibility in the United States Attorney. As the Supreme Court wrote over a half century ago in *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935):

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

## II

■ The district court also erred in excluding the testimony of border patrol agent Olivas. The testimony was relevant to support the defense theory that Garcia–Sanchez, not Leon–Gonzalez, was the driver of vehicle. Although an argument can certainly be made that the testimony may have been remote, that is an issue going to the weight of the testimony, not its admissibility. In view of the defense theory, any issue of the speculative nature of the testimony was one for the jury to resolve. *See United States v. Vallejo*, 237 F.3d 1008, 1023, *amended by* 246 F.3d 1150 (9th Cir. 2001). The government argues on appeal that the testimony would have been hearsay, but that was not the basis of the court's ruling, and it is not apparent from the record that the testimony and evidence was inevitably excludable for that reason.

## III

Given the resolution of this case, we need not reach any of the other issues

raised by the defendant. The judgment of the district court is **REVERSED**.

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.